# EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK         Index No.:
COUNTY OF NEW YORK                             Date Filed:
                                               Plaintiff designates
-----------------------------------------X     NEW YORK COUNTY as the
MARITZA MARTINEZ-CARABALLO,                    place of trial

                                               The basis of venue
                  Plaintiff,                   is Plaintiff's Residence

        -against-
                                               SUMMONS
                                               Plaintiff resides at
BJ'S WHOLESALE CLUB, INC.,                     460 Audubon Avenue
                                               New York, NY  10040
                  Defendant.
-----------------------------------------X
```

To the above-named Defendant(s)

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  New York, New York
        May 25, 2020

```
Defendant' Address:                    FEINSTEIN & FEINSTEIN, ESQS.
BJ'S Wholesale Club, Inc.              Attorneys for Plaintiff
28 Liberty Street
New York, New York  10005        By: _____
                                       CHARLES FEINSTEIN, ESQ.
111 Eighth Avenue                      61 Broadway, suite 2820
New York, New York  10011              New York, New York  10006
                                       (212) 363-3000
```

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------X
MARITZA MARTINEZ-CARABALLO,

           Plaintiff,

    -against-                                    **VERIFIED COMPLAINT**

BJ'S WHOLESALE CLUB, INC.,

           Defendant.
-----------------------------------------X

        Plaintiff, by her attorneys, FEINSTEIN & FEINSTEIN, ESQS., as and for her Verified Complaint herein, respectfully sets forth and alleges:

        1.    That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

        2.    That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a foreign corporation duly authorized to conduct business in the State of New Jersey.

        3.    That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a corporation doing business in the State of New Jersey.

        4.    That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

        5.    That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a foreign corporation

duly authorized to conduct business in the State of New York.

6. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was a corporation doing business in the State of New York.

7. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. owned certain premises located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

8. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. leased said premises located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

9. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. leased a portion of said premises located 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey for the operation of a warehouse club and/or place of business.

10. That at all times hereinafter mentioned, there existed a written agreement between defendant BJ'S WHOLESALE CLUB, INC. and another entity for the operation of a place of business upon said premises located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

11. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. leased a portion of said premises located at 300 Route 17 North, East Rutherford, known as

2

BJ'S, in the County of Bergen and State of New Jersey, for the operation of a place of business.

12. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. leased said premises located at 300 Route 17 North, East Rutherford, in the County of Bergen and State of New Jersey, for the operation of a warehouse club and/or place of business known as BJ'S.

13. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. operated a certain premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

14. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. managed a certain premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

15. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. maintained a certain premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

16. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. controlled a certain premises and/or place of business located at 300 Route 17 North, East

3

Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

17. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. supervised a certain premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

18. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. owned a certain parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

19. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. owned a certain parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ's, in the County of Bergen and State of New Jersey.

20. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. leased a certain parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

21. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, operated said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located

at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

22. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, maintained said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

23. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, managed said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

24. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees controlled said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

25. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, supervised said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

26. That at all times hereinafter mentioned, it was the duty of the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, to maintain said parking in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey, in reasonably safe and suitable condition and repair.

27. That at all times hereinafter mentioned, it was the duty of the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, to ensure that the said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey, were reasonably safe and suitable for persons, customers and/or patrons to traverse.

28. That at all times hereinafter mentioned, it was the duty of the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, to provide for and/or ensure the safety, protection and well-being of persons, customers and/or patrons lawfully traversing said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

29. That at all times hereinafter mentioned, it was the duty of the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, to prevent persons, customers

6

and/or patrons lawfully traversing the said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey of New York from being injured by dangerous, defective and unsafe conditions upon said parking lot.

30. That at all times hereinafter mentioned, it was the duty of the defendant, BJ'S WHOLESALE CLUB, INC., their servants, agents and/or employees, to make safe, suitable and adequate repairs to the said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

31. That on the 26th day of May, 2018, the plaintiff MARTIZA MARTINEZ-CARABALLO, was lawfully present upon said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

32. That on the 26th day of May, 2018, the plaintiff MARTIZA MARTINEZ-CARABALLO, was lawfully traversing said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

33. That on the 26th day of May, 2018, the plaintiff MARTIZA MARTINEZ-CARABALLO, was caused to be injured while lawfully traversing said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

34. That on the 26th day of May, 2018, the plaintiff MARTIZA MARTINEZ-CARABALLO, was caused to be injured while lawfully traversing said parking lot, and more particularly at the first parking spot in the vicinity of the entrance/exit of said place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

35. That on the 26th day of May, 2018, and for a period of time prior thereto, there existed a dangerous, defective, raised, broken, uneven, unlevel, depressed, hazardous and unsafe condition relative to said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

36. That on the 26th day of May, 2018, and for a period of time prior thereto, there existed a dangerous, defective, raised, broken, uneven, unlevel, depressed, hazardous and unsafe condition upon said parking lot, and more particularly at the first parking spot in the vicinity of the entrance/exit of said place of business located at 300 Route 17 North, East

Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

37. That on the 26th day of May, 2018, the plaintiff MARTIZA MARTINEZ-CARABALLO, was caused to be injured as a result of the said dangerous, defective, raised, broken, uneven, unlevel, depressed, hazardous and unsafe condition relative to said parking lot in front of, adjacent to and/or abutting said premises and/or place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

38. That on the 26th day of May, 2018, the plaintiff MARTIZA MARTINEZ-CARABALLO, was caused to be injured as a result of the said dangerous, defective, raised, broken, uneven, unlevel, depressed, hazardous and unsafe condition existing upon said parking lot, and more particularly at the first parking spot in the vicinity of the entrance/exit of said place of business located at 300 Route 17 North, East Rutherford, known as BJ'S, in the County of Bergen and State of New Jersey.

39. That by reason of the foregoing, the plaintiff MARTIZA MARTINEZ-CARABALLO was injured.

40. That the foregoing accident and the resulting injuries to the plaintiff MARTIZA MARTINEZ-CARABALLO were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendant, and each of them, their agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

41. That this action falls within one or more of the exceptions set forth in CPLR 1602.

42. Pursuant to CPLR Section 1602 (2) (iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 12601, by reason of the fact that defendant owed the plaintiff a non-delegable duty of care.

43. Pursuant to CPLR Section 1602 (7), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 12601, by reason of the fact that defendant acted with reckless and wanton disregard of the safety of others.

44. Pursuant to CPLR Section 1602 (2) (iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 12601, by reason of the fact that defendant is vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages

45. Pursuant to CPLR Section 1602 (11), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 12601, by reason of the fact that defendant acted knowingly or

intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

46. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

47. That by reason of the foregoing, this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

11

WHEREFORE, plaintiff demands judgment against the defendant in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, New York
       May 25, 2020

                                  Yours, etc.,

                                  FEINSTEIN & FEINSTEIN, ESQS.

By: _____
    CHARLES FEINSTEIN, ESQ.,
    Attorneys for Plaintiff
    **MARTINEZ-CARABALLO**
    61 Broadway, Ste. 2820
    New York, New York 100026
    (212) 363-3000

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, CHARLES FEINSTEIN, ESQ., am an attorney duly admitted to practice in the courts of New York State, and say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s), I have read the annexed **COMPLAINT,** know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Reports, records, memoranda, facts, investigations and pertinent data given to your affirmant and maintained in a file in his office.

The reason I make this affirmation instead of plaintiff is because plaintiff is not within the County where your affirmant maintains his office.

Dated: NEW YORK, NEW YORK
May 25, 2020

*/s/ Charles Feinstein*

CHARLES FEINSTEIN, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
MARTIZA MARTINEZ-CARABALLO,

                  Plaintiff,

  -against-

BJ'S WHOLESALE CLUB, INC.,

                  Defendant.
----------------------------------------X

## ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1a

      Pursuant to 22 NYCRR 130-1.1a, the undersigned, CHARLES FEINSTEIN, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, certifies that, upon information and belief, and after reasonable inquiry, (1) the contentions contained in the annexed document(s) are not frivolous and that (2) if the annexed document(s) is an initial pleading, *(i)* the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated:   New York, New York
           May 25, 2020

                                              _____
                                              CHARLES FEINSTEIN, ESQ.

Index No. _____   Year 20____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARITZA MARTINEZ-CARABALLO,

Plaintiff,

-against-

BJ'S WHOLESALE CLUB, INC.,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

### FEINSTEIN & FEINSTEIN

Attorneys for  Plaintiff - *MARTINEZ-CARABALLO*

61 BROADWAY
NEW YORK, NEW YORK 10006
(212) 363-3000

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ............................   Signature ............................................................................

Print Signer's Name ............................................................

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:*

Attorney(s) for

### PLEASE TAKE NOTICE

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a _____
entered in the office of the clerk of the within-named Court on _____ 20___

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court,
at _____
on _____ 20___, at _____ M.

*Dated:*

### FEINSTEIN & FEINSTEIN

Attorneys for

To:

61 BROADWAY
NEW YORK, NEW YORK 10006
(212) 363-3000