

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARITZA MARTINEZ-CARABALLO,

    Plaintiff,

-against-

BJ'S WHOLESALE CLUB, INC.,

    Defendant.

21-CV-4107 (JGK) (BCM)

**REVISED CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following revised case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. Written Discovery. Plaintiff has not yet served his initial written discovery requests. He shall do so no later than **March 22, 2022**.

2. Depositions and Additional Fact Discovery. All remaining fact discovery, including depositions, shall be completed no later than **July 15, 2022**.

3. Expert Discovery. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **August 19, 2022**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made no later than **September 16, 2022**. Depositions of experts shall be completed no later than **October 14, 2022**.

4. Close of Discovery. All discovery shall be completed no later than **October 14, 2022**. As discussed during today's conference, the parties should not expect these deadlines to be extended absent compelling circumstances.

5. Timely Discovery. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

6. Status Conference. Judge Moses will conduct a status conference on **July 6, 2022 at 2:00 p.m.** No later than **June 30, 2022**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts.

7. <u>Settlement Conference</u>. At the request of the parties, a settlement conference is scheduled before Judge Moses on **July 6, 2022 at 2:15 p.m**. A separate order will issue concerning the conduct of the conference and the parties' pre-conference responsibilities.

8. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.** If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

9. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

10. <u>Summary Judgment</u>. Summary judgment motions, if any (or, if required by the district judge, pre-motion conference letters with respect to summary judgment) shall be filed no later than **November 18, 2022.** Summary judgment motion papers shall conform to the individual practices of the district judge.

11. <u>Joint Pretrial Order</u>. The parties' proposed joint pretrial order shall be filed no later than **November 18, 2022**, unless there are summary judgment motion(s), in which case the joint pretrial order shall be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order shall conform to the individual practices of the district judge.

12. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

13. <u>Discovery of ESI</u>. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

14. <u>Discovery Applications</u>. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

15. <u>Amendments to Discovery Rules</u>. Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure, which were substantially amended in December 2015, before seeking judicial intervention regarding a discovery dispute. Among other things Rule 26(b)(1) has been amended to limit the scope of discovery to matters that are non-privileged, relevant, and "proportional to the needs of the case." Rule 26(g) requires counsel to sign discovery requests, responses, and objections, thereby certifying that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, each disclosure is "complete and correct as of the time it is made," and that each request or objection is "consistent with these rules," not interposed for any improper purpose, and neither unreasonable not unduly burdensome or expensive. Rule 34(b)(2) requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons," and to do so with respect to "each item or category."

16. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 16.

Dated: New York, New York
March 8, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**